Case No. 25-1463, USA v. Ernestine Hogue, four arguments not to exceed 15 minutes per side. Ms. Rabin, you may proceed for the appellate. Thank you, Mr. Kelly. Good morning. Good morning. May it please the Court, welcome to Detroit. My name is Margaret Rabin, and I represent Ernestine Hogue. Mrs. Hogue was convicted of defrauding the Social Security Administration at a trial. The issues today relate to the District Court's determination of guideline loss and its determination of the amount of restitution that Ms. Hogue was responsible for. If the Court is familiar with the facts, and I think you are, what we have here is the government's failure to prove guideline loss by a preponderance of the evidence. We have the need for de novo review of the District Court's method of determining loss and its interpretation of the sentencing guidelines, specifically the government benefits rule. Could I ask you just one question before you get into the details? You're requesting basically a general remand where we would remand, if we agree with you, this case back to the District Court for a complete resentencing for the District Court to, you say they clearly erred as to both the net loss and the restitution. Would this just be a general remand in your view in terms of the Court making a determination as to both net loss and restitution and any other aspects of the sentencing? I think the answer to that, Judge Cole, depends. The only reason I have challenged the sentence guideline amount of loss here, given the sentence ultimately imposed on Ms. Hogue, is because the District Court simply adopted that amount of money as the amount of restitution. Is that the $50,000? No, it's the $91,000. The $91,000, okay, sure. The $91,000. I felt that in order to fully explain the problems with the restitution amount, which is the real issue here, I needed to go back and explain how the District Court failed in applying the government benefits rule to determine the guideline loss amount for purposes of scoring the guidelines. So although your brief frames it as two issues, an appeal of the net loss amount and appeal of the restitution order, it's really the second issue that's before us today.  I thought so, too, because the alleged error you have in calculating the net loss does not affect the guidelines calculations, does it? Well, it affected the guideline calculation, but. It did? I thought you asked for a plus six and that's what the District Court gave. That's what the District Court did, but I believe they did it for the wrong reason. All right, but the net result, if the result is right and the reasoning is wrong, I mean, we don't reverse on that basis, do we? Well, the problem is I see it with the restitution. Okay, all right, well, all right, we can focus on restitution. No, the problem is I see it with the restitution, is the District Court simply adopted the information it had regarding the guideline loss, and that relates to the, I'm not quarreling with the $141,000 of disability benefits. I'm not, I don't have a problem with that. I have a problem with reducing it by the $50,000 as a government benefits rule determination, because there is nothing in the record that says that $50,000 is overpaid disability benefits. In fact, the record clearly says it was unpaid SSI benefits, and the government benefits rule requires there to be this analysis of benefits properly paid and a reduction on the basis of that, and that's the math calculation that never occurs in this case. So in your view, the government, upon remand, would need to provide sufficient detail to meet a preponderance of the evidence standard, I guess, as to the $50,000? No, we know it's not. But you only answer the $91,000 in your view. The $50,000 is treated as though it's the amount of disability benefits my client was entitled to. There is nothing in this record that supports that. I don't know what the Social Security would say about the amount of benefits she was legitimately entitled to over this period of time, 1996 to 2015. That number is never anywhere in this. But did she apply for benefits after 2003, was it? I'm not sure. No. Because I think, I'm sorry, go ahead. I'm sorry, sir. No, go ahead. Her initial application was in 1996. It was granted in 1998, and so the benefits got paid retroactively to 1996. This was a disability determination based on her significant mental illness. She was redetermined to be eligible for disability benefits in 2013. And those are the only applications that are in here. The problem with the restitution is twofold. One, it is based on what is an inaccurate application of the government benefits rule, which is clearly set out in the case law, our Agrawal, Boring, and Waldron, about what that application looks like. And the other problem with the restitution amount is that I asked that it be imposed only for the period of time in the charging document, which was 2003 to late 2015. Okay. I just have one other question because I know your time is running. Is there a question about somewhere around $900? Oh, that $900, yes, I can tell you what the $900 is. You can be very brief about it. She repaid $906 or something. It was withheld from her retirement benefits and applied against the overpayment of disability. Well, your argument is that the district court did not account for that $906. No, no, I'm not arguing that at all. Okay. The math, once the math was sorted out. Yeah, in the final restitution order. In the final calculation, yes, that was accounted for. And, in fact, they have withheld all of her retirement benefits toward the payment of this now going forward. Thank you. And so I think there are two errors. I think the error is requiring remand on the restitution amount. One is the calculation error, which does not use, which has never used a correct application of the government benefits rule. And I understand that the district court only needs to make an approximation, but I think they need to use an appropriate method to get to an approximation. And the appropriate method is the government benefits rule. And that has never been properly applied in this case. And the second problem with the restitution amount is the period of time. I specifically ask for the restitution award to be limited to 2003 to late 2015, the period of time in the charging document. And the district court rejected that and adopted the amount of guideline loss, which covers a period of time of 1996 to late 2015. What is your best authority that the restitution amount has to be limited to the time charged in the indictment? This court's decision in the United States versus Gray. Okay. Is that cited in your brief? It is cited. And, in fact, I believe it was a case that Judge Riedler was part of the decision on. You claim that there's an error of law in the restitution order in that the district court used the net loss amount, which was calculated from 1995 to 2015, instead of the period that was charged in the indictment, which was June of 2003 to November of 2015. Yes, sir. And the citation to Gray is 121F4-578. It's a 2024 decision. All right. That's my understanding of what the law is as well. Thank you. All right. Anything further? No, sir. Did you reserve time for rebuttal? I did, yes. How much? Two minutes. Very well. You'll have your two minutes. Thank you, sir. All right. Let's hear from the government. Good morning. Good morning. May it please the court. My name is Corinne Lambert, and I represent the United States. This appeal is about loss in terms of the sentencing guidelines and restitution and whether the district court correctly calculated those amounts. The answer to that question is yes, as its calculations were based upon a preponderance of the evidence. The district court should be affirmed. Today I plan to touch on the issues, perhaps in order to clarify and explain the issues that were discussed previously with sister counsel, and the first of those is that in preparing for today's argument, it became clear that any perceived error with regard to guideline loss doesn't really matter. Candidly, this is not briefed. I did not brief this, but there is authority for the court to raise a harmless error analysis and that is in United States v. Butts at 40F4-766, page 744, and the government would suggest that this is a case in which the court should exercise its discretion to consider a harmless error analysis in order to avoid any futile proceedings at the district court level. Well, also, I mean, their alleged error did not affect the guidelines scoring at all. So, I mean, I think counsel, in effect, conceded the issue that the only matter really before us is the restitution order because the net loss calculation didn't make any difference. That's correct, and so it did not affect the guidelines level, and beyond that, the district court actually varied it downward from the guidelines of 21 to 27 months to sentence the defendant to one day of time served. Okay, so focusing on the second issue, which is the restitution order, why is there not an error of law in that the district court calculated a restitution amount from the period of 1995 through 2015 when the indictment only charged from June of 2003 to November of 2015? Why isn't that an error of law? Because the evidence that is on the record that was presented to the district court both at trial and in extensive litigation prior to sentencing and then again as briefed before your honors shows that there were several documents that the government relied upon in presenting its loss and restitution amounts to the court. And I'd like to, I think if I perhaps explain a little bit about those individually, I'll be able to show you that indeed the government showed that between the months of June of 2003 and November of 2015, that period of charged conduct in the information, that there was, the government provided the court with a calculation that said these are the disability benefits that the defendant received during this period. That is the ceiling of loss that the agency could have suffered during that time. And for that reason, and the loss amount is actually less than that. So, and if I could, so we have the initial overpayment determination is in a letter that was sent to the defendant. And that provides her with an initial overpayment amount of $141,000. That amount was the entirety of the benefits that the defendant received under her fraudulently obtained social security number for the entire period from August of 1996 through November of 2015. The record also contains a spreadsheet provided by the Social Security Administration that details each of those monthly disability benefit payments by month and then by year. And then there is a calculation in that spreadsheet that reflects that $141,000 payment. So it shows that those two numbers match. That was the entirety of the benefits that she received. Next, we have the letter to the defendant that says, after accounting for how much was paid to you as supplemental security income, we reduced your overpayment by $50,000. In that letter, the agency said this is the amount of benefits you were due from August of 1996 through January of 2016. So if I just could detract for just a moment. When the, when sister counsel says that there is nothing in the record that explains what the $50,000 is, it's right here. In addition to that, the record also contains. You just made the reference to 1996. So, I mean, in my understanding is the district court calculated the net loss using the period of, I guess, 1996 to 2015. And I guess you're kind of confirming that that's what she did. Is that correct? Actually, no, Your Honor. I was just about to get there. The record also contains the agency's determination that the defendant was not entitled to disability benefits in July, beginning in July of 2003. And this is a determination that the agency made in September of 2015 after it had learned of the defendant's fraud. And it calculated, it took the steps to combine her, both of her social security records into one, which considered the benefit payments that she had received, her work and earnings history. And it determined that based on her work activity, she would have no longer been entitled to any benefits after July of 2003. And those payments would have stopped beginning in October of 2003. So what the government did with this information, because as you mentioned, we don't have an exact accounting of that $50,000 in the record. And it says, it gives us a broader date than the date of the information. But what the government did in preparation for sentencing was provide the district court with a calculation of the benefits, of the disability benefits that the defendant received during those dates of the information, which was the $99,686 figure. And this was provided to the court both at the PSR objection phase, it was provided in briefing, and it explained that these are the benefits that the agency determined she was not eligible to receive during this period. That amount was $99,686. We have a net loss amount of $91,000, which is less than that amount during the period of the offense, during the amount of disability benefits that she received during the dates of the offense. So therefore, that $91,000 loss amount falls within the scope of the information and is probably within the scope of restitution under Gray. So that explanation is very helpful. Did Judge Levy do anything like that? Did she do anything to explain her analysis like the way you have? She did not provide any factual findings or explain her analysis on the record. She did mention at sentencing that the dates, the proper dates were between June of 2003 and November of 2015. But she didn't discuss the government's calculation or provide any... Is it by the other side? I would say it would have been nice if she had, but that's not what the law requires. The law doesn't require that the judge make any factual findings on the record with regard to restitution. Did she just accept the loss amount for purposes of restitution? Did she just use the same number? In some instances, in some aspects, it might seem like she did. But there's also evidence on the record... How do we know that she didn't? She didn't tell us what she did. Well, we certainly can't get into her head, but... That's the whole... Right, there's district judges. It's a hard job. They're supposed to tell us, give us some idea of what they're doing. And there was not much of a roadmap here. And, in fact, your friend on the other side had some objections, but the district court sort of misunderstood the basis for those objections and didn't allow your friend on the other side to sort of fully flesh out these issues. In that regard, Your Honor, I think there's two different items to respond to in that regard. And the first is that while the district judge didn't fully explain that analysis, again, it doesn't have to be a precise mathematical inquiry. It's sufficient that the court exercises its sound judgment. It doesn't have to create findings on the record with regard to restitution. It just must have a sufficient indicia of reliability to support its probable accuracy. So, in that sense, here we have a situation with the district court, had all of the evidence before it presided over a trial, presided over the admission of the exhibits and the testimony regarding the same. It had all of the information in the arguments and the calculation that the government provided to the district court. And at sentencing, it heard those arguments. It weighed those arguments. It had the documents in front of and before her and made a determination that, in her discretion, the Social Security Administration's loss amount was appropriate for purposes of restitution. And under the case law, it can't be an abuse of discretion. Why can it not be an abuse of discretion? Because an abuse of discretion, it only occurs when there's a definite and firm conviction that the trial court committed a clear error of judgment. All right, but if the trial court did what the defendant claims that she did, which was just to adopt the net loss calculation as the restitution amount and that the net loss calculation went back to 1995, I mean, that is a clear error of law. And as Judge Radler was pointing out, we're not quite sure how the district judge arrived at the calculation other than the amounts are the same. The restitution amount is the same and the net loss is the same. Why would not a remand on this issue be beneficial for us to make sure that she entered a correct order of restitution? I would submit that it would not be necessary because there is evidence in the record, and that is in the sentencing transcript that she purposefully considered that the proper scope of the restitution amount was within the scope of the conduct charged in the information, and that is in... You would agree with your sister counsel that the restitution order has to be limited to the period charged in the indictment, right? Yes, I do agree with that. Very good. But net loss does not. Net loss under guidelines can include all relevant conduct, which includes periods outside of the charged indictment, right? That's correct. Okay. But also, you know, in addition to, you know, the methodology for calculating both the guidelines loss and the restitution amounts here in government benefits fraud cases are essentially the same. We have the government benefits rule with regard to the guidelines, but then also we have case law in Warren which says that the restitution award may not include the benefits to which the defendant was legitimately entitled. So it's appropriate to focus on the restitution amount solely without revisiting the guideline loss amount. And she did consider, as I mentioned, she did consider the scope of the offense multiple times in the record when calculating both the loss and the restitution. So, you know, I don't think there's any clear error there in terms of whether or not she exceeded the scope or she did not pay attention to the scope in assessing the restitution amount. Very well. Anything further? Nothing further. Thank you. Any questions for government? All right. Thank you, Ms. Lambert. Two minutes rebuttal. Go ahead. All of the numbers used by the district court to determine restitution are numbers that come from the time period 1995-1996 through the end of 2015. The government seems to be arguing that you can just take a shorter period of time, 2003 to the end of 2015, and use the same numbers. I'm no mathematician, but that simply doesn't make any sense in terms of determining what the final restitution order should be. I think the district court tried, the district court wanted to give Social Security the maximum amount of money in restitution. I understand that, but the rules for determining appropriate restitution say there's a certain methodology to be used in deciding what a restitution order is here, and that methodology was never used. The government's argument that $50,000 in unpaid SSI benefits is in fact the same thing as what disability benefits my client would have been entitled to, simply there's nothing in the record to support that. And I'm asking the court to remand this matter back to the district court for a redetermination of the restitution order, and if that means that the judge needs to go back and look at the guideline loss amount because she's going to impose restitution that is the same as the guideline loss amount, then so be it. Then she has to go back and look at the whole thing. I think the law is that she can use the same numbers, she doesn't have to use the same numbers, but it seems to me if she's going to use the same numbers, then we've got to make sure that the original numbers are appropriate. Very well. Thank you. Any further questions? Judge Cole? All right, thank you, counsel, for your arguments. The case will be submitted.